UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| CORE CONSTRUCTION SERVICES, LLC | CIVIL ACTION |
| VERSUS | NO. 16-13447 |
| U.S. SPECIALTY INSURANCE COMPANY | SECTION "R" (1) |

## ORDER AND REASONS

Defendant U.S. Specialty Insurance Company moves under Federal Rule of Civil Procedure 12(b)(7) to dismiss plaintiff Core Construction Services, LLC's claims for failure to join an indispensable party. Because the Court finds that Strategic Planning Associates, LLC is not a necessary party under Rule 19, U.S. Specialty's motion is denied.

## I. BACKGROUND

Plaintiff Core Construction Services, LLC served as the general contractor for a construction project dubbed the "Sophie B. Wright High School Renovation."[1] Core alleges that Strategic Planning Associates, LLC, a non-party, defaulted on its obligation to supply steel and erect a steel

---

[1]      R. Doc. 1 at 2.

structure under a subcontract between Core and Strategic Planning.[2]  Core sues U.S. Specialty Insurance Company, and alleges that U.S. Specialty served as commercial surety to Core's contract with Strategic Planning.[3] Core further asserts that, as surety, U.S. Specialty is jointly and severally liable with Strategic Planning for the alleged breach.[4]  Core is currently party to a separate arbitration proceeding against Strategic Planning.[5]

Core attaches a performance bond contract to its complaint.[6]  The performance bond names Strategic Planning as "Principal," U.S. Specialty as "Surety," and Core as "Obligee."[7]  Under the terms of the bond, upon showing of default by Strategic Planning and other terms, U.S. Specialty agrees to perform one of several mitigating actions on behalf of Core.[8]  These mitigating actions include arranging for completion of the contract or paying Core the sum needed to secure completion.[9]

U.S. Specialty now moves under Federal Rule of Civil Procedure 12(b)(7) to dismiss Core's claims for failure to join Strategic Planning.[10]  In

---

[2]    *Id.*
[3]    *Id.*
[4]    *Id.*
[5]    R. Doc. 6-2.
[6]    R. Doc. 1-2.
[7]    *Id.* at 1.
[8]    *Id.* at 1-2.
[9]    *Id.* at 2.
[10]   R. Doc. 6.

support, U.S. Specialty argues that Strategic Planning is a necessary and indispensable party under Rule 19.[11]

## II.   LEGAL STANDARD

Rule 12(b)(7) of the Federal Rules of Civil Procedure permits a party to bring a motion to dismiss a complaint for failure to join a party under Rule 19.  *See* Fed. R. Civ. P. 12(b)(7).  Proper joinder under Rule 19 is a two step process.  First, the court must decide if the absent party is a necessary party to the action.  *See* Fed. R. Civ. P. 19(a).  Second, if the absent party is a necessary party, but its joinder is not feasible, the court must decide whether the absent party is an "indispensable" party to the action under Rule 19(b). *See* Fed. R. Civ. P. 19(b).  Under Rule 19(a), a party is "necessary" if:

> (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest.

Fed. R. Civ. P. 19(a).

---

[11]     *Id.*

If a party is "necessary," but cannot be joined in the action because its joinder would defeat the court's diversity jurisdiction, the court must determine "whether in equity and good conscience the action should proceed among the parties before it . . . ." Fed. R. Civ. P.  19(b). The rule provides a list of four factors for a court to consider when making its determination:

> [F]irst, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder.

Fed. R. Civ. P. 19(b).

State law is relevant "in determining what interest the outsider actually has, but the ultimate question whether, given those state-defined interests, a federal court may proceed without the outsider is a federal matter." *Morrison v. New Orleans Pub. Serv. Inc.*, 415 F.2d 419, 423 (5th Cir. 1969) (citing *Provident Tradesmens Bank & Trust Co. v. Patterson*, 390 U.S. 102, 125 n.22 (1968)).

## III.   DISCUSSION

To determine the relationship between Core, U.S. Specialty, and Strategic Planning, the Court must look to Louisiana law governing surety

contracts.  In a contract of suretyship, "a person binds himself to a creditor to fulfill the obligation of another upon the failure of the latter to do so." La. Civ. Code art. 3035.  A surety is liable "for the full performance of the obligation of the principal obligor." La. Civ. Code art. 3045.  In other words, the surety's liability is solidary with the principal's.  *See* La. Civ. Code art. 1794 ("An obligation is solidary for the obligors when each obligor is liable for the whole performance").[12]

As solidary obligors, both principal and surety are liable to the obligee for full performance of the contract. *See* La. Civ. Code art. 3035; *see also Bonny v. Brashear*, 19 La. 383, 385 (1841) (stating that both principal and surety are "bound towards the creditor for the whole."); *Dictoguard, Inc. v. Lopeo*, 983 So. 2d 156, 159 (La. App. 5 Cir. 2008) ("A legal surety creates a separate and distinct obligation from the underlying judgment, that obligation being a guaranty of the performance of the principal, in the event the principal cannot perform.").  Accordingly, in Louisiana, even as early as 1841 "[i]t ha[d] long since been settled, that a surety can be sued without his

---

[12]    In Louisiana, "solidary" liability is equivalent to common law "joint and several" liability.  *In re Hari Aum, LLC*, 714 F.3d 274, 277 n.1 (5th Cir. 2013) (citing Black's Law Dictionary 1521 (9th ed. 2009)); *see also Bank One v. SWC Corp.*, 823 So. 2d 1060, 1063 (La. App. 2 Cir. 2002) ("The term 'joint and several' has a distinct meaning in the common law, akin to solidary liability in Louisiana . . .").

principal." *Id.*; *see also Indus. Equip. Sales & Serv. Co. v. Sec. Plumbing Inc.*, 666 So. 2d 1165, 1167 (La. App. 5 Cir. 1995) ("The accessorial nature of the contract of surety does *not* obligate the creditor to *first* proceed against the principal debtor rather than the surety to enforce a debt. The creditor may sue the surety only, or he may join the surety and the principal in the same suit and get a judgment against both." (emphasis in original)).

Although Louisiana courts plainly permit obligees to sue sureties alone, this does not end the inquiry. State law informs the Rule 19 inquiry, but federal law governs whether a party is necessary. *Morrison*, 415 F.2d at 423. Under federal law, a party that is merely subject to joint and several liability with an existing defendant is not a necessary party. *Temple v. Synthes Corp.*, 498 U.S. 5, 7; *see also* Fed. R. Civ. P. 19 advisory committee's note to 1966 amendment (stating that the rule "is not at variance with the settled authorities holding that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability" and that the "[j]oinder of these tortfeasors continues to be regulated by Rule 20"). U.S. Specialty offers nothing to distinguish this case from a standard case of joint and several liability.

Under Rule 19(a)(1)(A), Strategic Associates is a necessary party if in Strategic Associates' "absence complete relief cannot be accorded among

those already parties." As made clear by the above discussion, Core may obtain complete relief from U.S. Specialty, and Strategic Associates is therefore not a necessary party under Rule 19(a)(1)(A). Under Rule 19(a)(1)(B) Strategic Associates is a necessary party if it claims an interest relating to this case, and disposing of this case without Strategic Associates would: "(i) as a practical matter impair or impede [Strategic Associates'] ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." U.S. Specialty has made no showing that disposing of this case with the existing parties will impede Strategic Associates' interests. First, U.S. Specialty is entitled to assert any defense available to Strategic Associates. La. Civ. Code art. 3046. Second, Core provides evidence, and U.S. Specialty does not dispute, that Strategic Associates is represented in the related arbitration by the same attorneys that represent U.S. Specialty in this case.[13] Under these circumstances, the Court sees no realistic possibility that Strategic Associates' absence from this case will impede its interests.

Similarly, U.S. Specialty is at no risk of incurring multiple obligations. As noted, U.S. Specialty is entitled to reimbursement by Strategic Associates

---

[13]   R. Doc. 9-4.

7

for payments made to Core.  La. Civ. Code art. 3049 ("A surety who pays the creditor is entitled to reimbursement from the principal obligor.").  Although this raises the specter of multiple suits, Rule 19 is concerned with the threat of inconsistent obligations, not multiple litigation. See *Shelton v. Exxon Corp.*, 843 F.2d 212, 218 (5th Cir. 1988). Finally, the Court notes that this analysis is supported by the many times this Court has rejected arguments that principals are indispensable parties in suits against sureties. *See, e.g., Alton Ochsner Med. Found. v. HLM Design of N. Am., Inc.*, No. 01-1662, 2001 WL 1204054, at *3 (E.D. La. Oct. 10, 2001); *CFSC Capital Corp. XXVII v. Riverwood LaPlace Assocs.*, No. 96-1089, 1996 WL 337220, at *1 (E.D. La. June 18, 1996); *L & L Oil Co. v. Hugh Mac Towing Corp.*, 859 F. Supp. 1002, 1005 (E.D. La. 1994).

To resist the Court's conclusion, U.S. Specialty cites to *Conerly Corp. v. Regions Bank*, 668 F. Supp. 2d 816 (E.D. La. 2009).  That case, however, is easily distinguishable. In *Conerly*, the existing plaintiff had assigned a partial interest in the disputed contract to an absent party.  *Id.* at 830.  The Court noted in that case that "[u]nder Louisiana law, when an incorporeal right is partially assigned, it must be enforced by both the assignor and assignee."  *Id* at 831 (citing La. Code Civ. P. 698(1)).  By contrast, as noted, Louisiana law permits a principal to sue a surety alone.

8

**IV.   CONCLUSION**

For the foregoing reasons, defendant U.S. Specialty Insurance Company's motion to dismiss plaintiff Core Construction Services, LLC's claims pursuant to Federal Rule of Civil Procedure 12(b)(7) is DENIED.


New Orleans, Louisiana, this __17th__ day of March, 2017.


_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE